<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL JAMES SIMPSON,<br><br>   Plaintiff,<br><br>   v.<br><br>THE STATE OF NEW JERSEY,<br><br>   Defendant. | Civil Action No. 13-7641 (JAP)<br><br>**MEMORANDUM OPINION** |

**APPEARANCES**:

    Michael James Simpson
    537841
    Mercer County Corrections Center
    PO Box 8068
    Trenton, NJ 08650
    Plaintiff Pro Se

<u>**PISANO, District Judge**</u>:

1. This matter is before the Court on Plaintiff's filing of a complaint pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed without payment will be granted. As set forth below, the Complaint will be dismissed.

2. The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations. Plaintiff names only the State of New Jersey as a defendant. Plaintiff's Statement of Claims contains only the following sentence: "The State of New Jersey kept me in jail 2 years more than the maximum amount of time I could have held." The Court construes that allegation as a challenge to the duration of Plaintiff's sentence.

3. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis* or a prisoner is seeking redress against a government employee or entity.  The Court must *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

4. To survive dismissal "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and will be dismissed.  *Id.* at 678 (citations and internal quotation marks omitted); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) ("[A] complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts.") (emphasis supplied).  The Court is mindful, however, that the sufficiency of this *pro se* pleading must be construed liberally in favor of the plaintiff, even after *Iqbal*.  *See generally Erickson v. Pardus*, 551 U.S. 89 (2007).

5. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

6. To the extent Plaintiff is challenging his underlying conviction and seeking release, such a claim is not cognizable in a civil rights case. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that a person may not obtain equitable relief under 42 U.S.C. § 1983 releasing him from confinement. *See also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). The Court ruled that when person in custody is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500.

7. Since a habeas corpus petition would be the proper mechanism to raise a challenge related to release from custody, Plaintiff's claim is not viable in this action. Thus, for the reasons set forth above, Plaintiff's complaint will be dismissed. An appropriate order follows.

/s/ Joel A. Pisano
JOEL A. PISANO**, U.S.D.J.**

DATED:   October 3, 2014